IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **WILLIAM HERMAN VIEHWEG,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-3140 |
| **SIRIUS XM RADIO, INC.,** | ) ) ) |
| Defendant. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff William Herman Viehweg, proceeding pro se, has filed a Motion to Strike Matter From Defendant's Answer (First Motion) (d/e 18) and an Amended Motion to Strike Matter From Defendant's Answer (Amended Motion) (d/e 19).  The Amended Motion is GRANTED IN PART and DENIED IN PART.  The First Motion is DENIED AS MOOT.  The Court STRIKES Affirmative Defense Nos. 3, 4, 5, 7, and 8 with leave to replead.

**I. BACKGROUND**

In June 2017, Plaintiff filed a Complaint against Defendant Sirius XM Radio, Inc., a company that provides proprietary radio

content over the internet using satellites. In November 2017, Plaintiff filed an Amended Complaint pleading two counts of defamation against Defendant. See Pl.'s Stipulation (d/e 21)(stating that Plaintiff's Amended Complaint only pleads two counts of defamation).

In the Amended Complaint, Plaintiff alleges that Defendant improperly merged Plaintiff's account with the account of another individual with a similar name, William Harry Viehweg ("Harry"), a distant relative of Plaintiff's who resides in Madison County, Illinois. Defendant purportedly left some of Plaintiff's information on the account but designated Harry's credit card as the active card. When Plaintiff sought to extend his subscription, Harry's credit card was charged.

Harry's wife, Bridget, contacted Defendant to complain about unauthorized charges on Harry's credit card. Defendant purportedly told Bridget that Plaintiff committed identity fraud and then "rewarded her for her acceptance, or silence." Am. Compl. ¶ 16. Plaintiff alleges that Defendant defamed him because (1) Defendant twice told Bridget that Plaintiff committed identity theft; (2) the statements were false; (3) Plaintiff suffered injury; and (4)

Defendant made the defamatory statements with knowledge of their falsity and with actual malice.

Plaintiff alleges diversity jurisdiction. The parties are diverse, and the Amended Complaint alleges damages in excess of $75,000. Plaintiff seeks compensatory damages in an amount greater than $85,000, punitive damages in an amount greater than $85,000, and costs.

On December 7, 2017, Defendant filed an Answer and 15 affirmative defenses. The Answer also contains a "WHEREFORE" clause stating that Defendant "hereby respectfully requests that the Court dismiss the Complaint[.]"

On December 13, 2017, Plaintiff filed the First Motion seeking to strike the statement that Defendant "hereby respectfully requests that the Court dismiss the Complaint[.]" On December 18, 2017, Plaintiff filed the Amended Motion seeking to strike the same statement and to also strike Affirmative Defense Nos. 3, 4, 5, 7, 8, and 11.

## II. LEGAL STANDARD

Pursuant to Rule 12(f) of the Rules of Civil Procedure, the Court may strike from a pleading "an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike are generally disfavored because such motions often only delay the proceedings. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). However, if a motion to strike removes unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings. Id.

Generally, a court will strike an affirmative defense only if the defense is insufficient on its face. Heller, 883 F.2d at 1294. A court will not ordinarily strike an affirmative defense if the defense is sufficient as a matter of law or presents questions of law or fact. Id. Because affirmative defenses are pleadings, affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure and must set forth a "short and plain statement" of the defense. Id., citing Fed. R. Civ. P. 8(a).

Although the Seventh Circuit has not addressed whether the pleading standard set forth in Bell Atl. Corp. v. Twombly, 530 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) applies to affirmative defenses, several courts in this Circuit have found that it does. See Sarkis' Cafe, Inc. v. Sarks in the Park, LLC, 55 F.

Supp. 3d 1034, 1040 (N.D. Ill. 2014) (citing cases). These courts examine whether the defendant states an "affirmative defense to relief that is plausible on its face." SEC v. Sachdeva, No. 10-C-747, 2011 WL 933967, at *1 (E.D. Wisc. Mar. 16, 2011). However, whether the Twombly/Iqbal pleading standard applies likely makes little difference. Factual allegations that were sufficient before Twombly and Iqbal will likely still be sufficient, and "bare bones" affirmative defenses have always been insufficient. See Shield Techs. Corp. v. Paradigm Positioning, LLC, No. 11 C 6183, 2012 WL 4120440, at *8 (N.D. Ill. Sept. 19, 2012). In any event, if an affirmative defense is defective, leave to amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a). See Heller, 883 F.2d at 1294.

### III. ANALYSIS

Plaintiff moves to strike the portion of the "WHEREFORE" clause in the Answer wherein Defendant "respectfully requests that the Court dismiss the Complaint" and Affirmative Defense Nos. 3, 4, 5, 7, 8, and 11.

### A. The Court Will Not Strike the Statement Requesting Dismissal of the Complaint

Plaintiff asks the Court to strike the statement in the Answer wherein Defendant "respectfully requests that the Court dismiss the Complaint[.]" Plaintiff asserts that such a statement could be interpreted as a motion by Defendant for judgment on the pleadings.

However, answers to complaints commonly contain a request that judgment be entered dismissing the complaint. See Armstrong v. Snyder, 103 F.R.D. 96, 101 (E.D. Wis. 1984) (refusing to strike statement in the answer requesting that the court enter judgment dismissing the complaint, noting that the request is "characteristic of most answers to complaints filed in federal court"). Motions to strike are disfavored, and the challenged language is not redundant, immaterial, impertinent, or scandalous. See Fed.R.Civ.P. 12(f). Moreover, the Court does not construe the language as constituting a motion for judgment on the pleadings. Therefore, Plaintiff's motion to strike the language is DENIED.

**B. The Motion to Strike Affirmative Defenses is Granted in Part**

Plaintiff also moves to strike Affirmative Defense Nos. 3, 4, 5, 7, 8 and 11 as insufficient defenses to the defamation claims. Those Affirmative Defenses provide as follows:

- Affirmative Defense No. 3: Plaintiff's own actions caused or contributed to cause any damages alleged in the Complaint, by reason of which, recovery is barred.

- Affirmative Defense No. 4: Plaintiff's alleged damages were the result of an independent, intervening cause for which Defendant cannot be held liable.

- Affirmative Defense No. 5: Plaintiff failed to use reasonable efforts to mitigate damages, by reason of which, recovery is barred.

- Affirmative Defense No. 7: This action is not being prosecuted in the name of the real party in interest.

- Affirmative Defense No. 8: Plaintiff lacks standing to bring this action.

- Affirmative Defense No. 11: Defendant is entitled to a set off against any damages alleged by Plaintiff for the amount

by which Plaintiff was unjustly enriched by receiving services without compensation therefor.

As stated above, affirmative defenses must contain a short and plain statement of the defense. However, Affirmative Defense Nos. 3, 4, 5, 7, and 8 fail to contain any factual allegations in support of the proposed defense. Therefore, the Court STRIKES Affirmative Defense Nos. 3, 4, 5, 7, and 8. See Edwards v. Mack Trucks, Inc., 310 F.R.D. 382, 386 (N.D. Ill. 2015) (striking affirmative defenses that failed to include any factual support); Top Tobacco, L.P. v. Good Times USA, LLC, No. 16-cv-4292, 2017 WL 395698, at *2 (N.D. Ill. Jan. 30, 2017) (applying Twombly and Iqbal to affirmative defenses and noting that the affirmative defense must give the plaintiff fair notice of the defense and the ground upon which the defense rests).

Affirmative Defense No. 11 does, however, contain sufficient factual allegations. Defendant alleges that Defendant is entitled to setoff because Plaintiff received services without compensation. In the context of the Amended Complaint, which references the services Plaintiff received from Defendant, this defense is sufficient to give Plaintiff notice of the defense. Assuming setoff is a proper

affirmative defense (an issue the parties do not specifically address), Defendant has sufficiently pleaded setoff here. Compare Prof'l Serv. Indus., Inc. v. Dynamic Dev. Co., LLC, No. 14-CV-06363. 2017 WL 6039870, at *8 (N.D. Ill. Dec. 6 2017) (setoff is not an affirmative defense because it does not defeat a plaintiff's right of action and is more properly brought as a counterclaim) with Hoagland v. Armor, No. 17-cv-3046, 2017 WL 4547913, at *3 (C.D. Ill. Oct. 12, 2017) (finding setoff was properly brought as an affirmative defense where the right to setoff concerned allegations outside the plaintiff's prima facie case and could not be raised by denials alone).

## IV. CONCLUSION

Plaintiff's Amended Motion to Strike Matter from Defendant's Answer (d/e 19) is GRANTED IN PART and DENIED IN PART. The Court STRIKES Affirmative Defense Nos. 3, 4, 5, 7, and 8 with leave to replead. The original Motion to Strike Matter From Defendant's Answer (d/e 18) is DENIED AS MOOT. The Court grants Defendant leave to file an amended answer containing affirmative defenses on or before January 16, 2018.

ENTERED: January 3, 2018

FOR THE COURT:

                                               **s/Sue E. Myerscough**
                                         **SUE E. MYERSCOUGH**
                                         **UNITED STATES DISTRICT JUDGE**