IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM HERMAN WIEHWEG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-cv-3140 |
| SIRIUS XM RADIO, INC., | ) ) ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff William Herman Viehweg's Motion for Sanctions (d/e 44) (Sanctions Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On June 12, 2017, Viehweg filed this action against Defendant Sirius XM Radio, Inc. (Sirius XM). Viehweg sent Sirius XM a request for waiver of service. Sirius XM declined to waive service. Viehweg effected service on Sirius XM on September 27, 2017. Summons Return Executed dated October 11, 2017 (d/e 4). The Court awarded Viehweg $75.00 in fees for the cost of service because Sirius XM declined to waive service. Text Order entered December 15, 2017; see Fed. R. Civ. P. 4(d)(2).

On October 31, 2017, Sirius XM filed a Motion to Dismiss for Lack of Jurisdiction (d/e 6). On November 16, 2017, Viehweg filed an Amended Complaint (d/e 13), thereby rendering the motion to dismiss as moot. Text Order entered November 27, 2017, see Local Rule 7.1(E). On December 7, 2017, Sirius XM filed an Answer (d/e 15) to Viehweg's Amended Complaint.

On December 13, 2017, Viehweg filed a Motion to Strike the answer (d/e 18). On December 15, 2017, Viehweg filed an Amended Motion to Strike (d/e 19). On January 5, 2018, the Court allowed the Amended Motion to Strike in part. The Court struck Sirius XM's affirmative defenses 3, 4, 5, 7, and 8 with leave to replead. Sirius XM did not replead.

On January 12, 2018, Sirius XM filed a Motion to Stay to Compel Arbitration (d/e 25). This Motion to Compel is pending before the District Court.

On January 26, 2018, Viehweg filed a Motion for Protective Order (d/e 30). The Court denied the Motion for Protective Order with leave to refile because Viehweg indicated that the parties were resolving the issue. Text Order entered February 14, 2018. On March 19, 2018, Viehweg refiled the Motion for Protective Order (d/e 37). On April 4, 2018, the Court

denied the refiled Motion for Protective Order.  Text Order entered April 4, 2018.  On April 23, 2018, Viehweg filed the Sanctions Motion.

## ANALYSIS

Viehweg asks for sanctions under Federal Rule of Civil Procedure 11. Rule 11 requires parties or a party's attorney to sign every pleading, motion, or other paper filed in an action in this Court.  By filing a document,

> [A]n attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  A party may seek sanctions for violation Rule 11(b). Fed. R. Civ. P. 11(c).

Viehweg argues that Sirius XM and its attorneys violated Rule 11(b) because Sirius XM and its attorneys have filed documents for improper purposes to needlessly increase the cost of litigation, in violation of rule 11(b)(1). Viehweg fails to show that Sirius XM filed any document with the Court for an improper purpose.

Viehweg states that Sirius XM had a three-part strategy that violates Rule 11(b),

> 2. Defendant has a three part legal strategy that violates FRCP 11(b)(2). The first part was to ensure arbitration. Illinois law requires that if it is unclear or ambiguous whether the dispute falls within the scope of the arbitration clause, the matter should be referred to the arbitrator to decide arbitrability. Defendant intentionally included the following unclear or ambiguous phrase in its contract: "If we cannot resolve a Claim informally * * * whether related to this Agreement or otherwise...then these Claims shall be resolved, upon election by either party, exclusively and finally by binding arbitration". (Doc 35, pg 3) Emphasis added. Part two was to ensure recoupment of legal fees. Section H.7 of the contract indemnifies the defendant from legal fees and expenses. Part three was to withhold its "election" of arbitration while engaging in unnecessary legal proceedings so the defendant can then claim said legal fees and expenses in expected arbitration against the plaintiff. This court's granting, though unwittingly, of the defendant's motion to compel arbitration would legitimize the unnecessary legal fees and expenses.

<u>Sanctions Motion</u>, at 1-2 ¶ 2. As quoted above, Rule 11 governs filings that parties sign and submit in this Court in a lawsuit. The first two parts of this alleged strategy do not violate Rule 11. The first two parts of the strategy

Viehweg argues that Sirius XM and its attorneys violated Rule 11(b) because Sirius XM and its attorneys have filed documents for improper purposes to needlessly increase the cost of litigation, in violation of rule 11(b)(1). Viehweg fails to show that Sirius XM filed any document with the Court for an improper purpose.

Viehweg states that Sirius XM had a three-part strategy that violates Rule 11(b),

> 2. Defendant has a three part legal strategy that violates FRCP 11(b)(2). The first part was to ensure arbitration. Illinois law requires that if it is unclear or ambiguous whether the dispute falls within the scope of the arbitration clause, the matter should be referred to the arbitrator to decide arbitrability. Defendant intentionally included the following unclear or ambiguous phrase in its contract: "If we cannot resolve a Claim informally * * * whether related to this Agreement or otherwise...then these Claims shall be resolved, upon election by either party, exclusively and finally by binding arbitration". (Doc 35, pg 3) Emphasis added. Part two was to ensure recoupment of legal fees. Section H.7 of the contract indemnifies the defendant from legal fees and expenses. Part three was to withhold its "election" of arbitration while engaging in unnecessary legal proceedings so the defendant can then claim said legal fees and expenses in expected arbitration against the plaintiff. This court's granting, though unwittingly, of the defendant's motion to compel arbitration would legitimize the unnecessary legal fees and expenses.

<u>Sanctions Motion</u>, at 1-2 ¶ 2. As quoted above, Rule 11 governs filings that parties sign and submit in this Court in a lawsuit. The first two parts of this alleged strategy do not violate Rule 11. The first two parts of the strategy

that Viehweg lays out do not involve signing and certifying a pleading or filing in court. The first two parts of the alleged strategy relate to a contract prepared by Sirius XM. The contract is not a document or pleading filed in this case and certified by Sirius XM's attorneys under Rule 11(b). These parts of the strategy Viehweg sees do not implicate Rule 11.

The only possible violation is Sirius XM's decision wait until January 2018 to file the Motion to Stay and Compel Arbitration. Sirius XM declined to waive service in June 2017. Viehweg served the original Complaint on September 27, 2017, and filed his Amended Complaint on November 16, 2017. Sirius XM filed the Motion to Stay and Compel Arbitration on January 12, 2018, three and one-half months after the original Complaint was served.

The Court sees nothing in this sequence that shows an improper motive to increase litigation costs needlessly. Sirius XM elected not to waive service, which was its right, and it paid the cost of service as a result. Sirius XM also elected to challenge jurisdiction in the Motion to Dismiss before raising other issues. Sirius was entitled to do so. Sirius XM also elected to file affirmative defenses. The defenses were not adequately pleaded, but the sequence of events does not show that Sirius XM had an improper motive in filing them. Even so, Sirius XM still filed the Motion to

Stay and Compel Arbitration within a relatively brief time of three and one-half months of service. Sirius XM's decisions to defend this suit in this way does not demonstrate an improper motive to increase litigation costs needlessly.

Viehweg argues that Sirius XM has filed a "SLAPP" suit against him. Sirius XM has not sued Viehweg at all, "SLAPP" or otherwise. Viehweg sued Sirius XM, which is his right. Sirius XM is defending itself, which is its right. Prosecuting and defending civil suits cost time and money; that is the nature of civil litigation today. To date, the Court does not see any filings by either party that were filed for an improper purpose of needlessly increasing the cost of litigation.

THEREFORE, IT IS ORDERED THAT Plaintiff's Motion for Sanctions (d/e 44) is DENIED.

ENTER: May 10, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE