IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM HERMAN VIEHWEG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-3140 |
| | ) | |
| SIRIUS XM RADIO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff William Herman Viehweg's Motion to Compel Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents Directed to Defendant (d/e 61) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

The Plaintiff William Herman Viehweg lives in Mt. Olive, Macoupin County, Illinois. William Herman Viehweg opened an account with Defendant Sirius XM Radio, Inc., (Sirius), when he purchased a new 2016 Chevrolet Cruze Limited automobile (Chevy Cruze). Amended Complaint (d/e 13), ¶ 9. Another person named William Harry Viehweg lived in Madison County, Illinois. William Harry Viehweg purchased a Ford Edge

vehicle and opened an account with Sirius. Sirius erroneously merged the accounts of William Herman Viehweg and William Harry Viehweg, and billed William Harry Viehweg's credit card for its service to Plaintiff William Herman Viehweg. Amended Complaint, ¶ 11.

On June 10, 2016, William Harry Viehweg's wife Bridget Viehweg contacted Sirius to report unauthorized charges on their credit card for William Herman Viehweg's account charges. William Herman Viehweg alleges that Sirius representatives defamed him by falsely stating to Bridget Viehweg that Plaintiff William Herman Viehweg had committed identity theft. Plaintiff alleges that Sirius' representatives repeated the false defamatory statements to Bridget Viehweg a second time on or about June 10, 2016. Amended Complaint, ¶¶ 15-16.

On May 12, 2018, Plaintiff served on Sirius his First Set of Interrogatories and his First Request for Production of Documents (collectively Discovery Requests). On June 11, 2018, Sirius served its responses on Plaintiff. Plaintiff's Discovery Requests did not include a verification page on which Sirius would state under oath that the responses were true and complete, and Sirius did not provide a verification under oath with its responses.

Plaintiff contacted counsel for Sirius and requested verification and additional answers. Sirius' counsel asked Plaintiff to provide a verification page for consideration. See Motion ¶ 3. Plaintiff ultimately filed this Motion.

Plaintiff asks the Court to compel additional responses to Interrogatories Nos. 2, 3, 4, 5, 7, 11, and Document Requests Nos. 3, 4, 5, and 8. The Court address the disputed discovery requests as follows.

Interrogatory No. 2

Interrogatory No. 2 stated:

> 2. Explain, in detail, the how, why, when, and who relating to the combining of the Plaintiff's account with the other Viehweg's account.

Motion, Exhibit 1, Excerpts of Responses of Defendant Sirius XM Radio, Inc. to Plaintiff's First Set of Interrogatories and Request for the Production of Documents (Sirius Discovery Response), at 2. Sirius answered Interrogatory No. 2

> ANSWER: Objection, the meaning of this interrogatory is unclear. Defendant further objects as Plaintiff has clarified in pleadings with the Court that his only claims are for two counts of defamation. As such, this interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Id.

Plaintiff only asks the Court to direct Sirius to answer this interrogatory under oath.  Plaintiff does not object to the form of the answer.  Sirius responds that it has now provided a sworn verification by its representative of its answers to Plaintiff's Interrogatories. Answers to interrogatories must be under oath.  Fed. R. Civ. P. 33(b)(3).  A single sworn verification as to all answers is sufficient.  Sirius states that it has provided such a verification.  The request to compel verification is, therefore, moot.

Plaintiff also asks the Court to compel Sirius to designate to Plaintiff who provided the answers.  Interrogatory No. 2 does not ask Sirius to provide this information.  The request to compel this information is denied.  Plaintiff argues that an officer or agent of Sirius must provide the answer.  Plaintiff is correct.  Fed. R. Civ. P. 33(b)(1)(B).  Rule 33(b)(1)(B), however, does not require Sirius to provide the identity of the individual who provided the answer.  As noted, it not ask for the identity in the Interrogatory.  The request to compel this information, therefore, is denied.

Interrogatory No. 3

Neither party has provided the Court with a copy of Interrogatory No. 3 or the answer.  See generally Motion, Exhibit 1 Sirius Discovery Responses; Defendant Sirius XM Radio Inc.'s Opposition to Plaintiff's

Motion to Compel Discovery (d/e 66) (Sirius Memorandum).   The Court, therefore, cannot evaluate the sufficiency of Sirius' responses or rule on any objections.  The request, therefore, is denied with respect to Interrogatory No. 3.

> Interrogatory No. 4 and Document Request No. 3
>
> Interrogatory No. 4 stated:
>
> 4.     List all transactions that occurred in account numbers 415398040946 and 427053724381 from the date of origin to present. Include initial data, any data change or addition, notes, and credit card activity. State the date and time of each transaction.

Sirius Memorandum, at 5.  Sirius responded:

> ANSWER: Objection, this interrogatory seeks information that is confidential and/or business, trade secrets and contains personal identifying information which Sirius XM cannot disclose. Defendant further objects as Plaintiff has clarified in pleadings with the Court that his only claims are for two counts of defamation. As such, this interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Sirius XM further objects that this interrogatory seeks information that Plaintiff has in his possession (e.g., credit card activity).

Sirius Memorandum, at 5; Sirius Discovery Response, at 8.

Plaintiff's Request for Production No. 3 (Request No. 3), documents covering the same information:

> 3.     All documents of all transactions that occurred in account numbers 415398040946 and 427053724381 from the date of origin to present.

Sirius Memorandum, at 5; Sirius Discovery Response, at 8.  Sirius responded:

> RESPONSE: Objection, this request seeks information that is confidential and/or business, trade secrets and contains personal identifying information which Sirius XM cannot disclose. Defendant further objects as Plaintiff has clarified in pleadings with the Court that his only claims are for two counts of defamation. As such, this request seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Sirius XM further objects as the burden of responding to this request outweighs any benefit to the claims in this matter.

Sirius Memorandum, at 5; Sirius Discovery Response, at 8.  Account No. 415398040946 was Plaintiff's trial subscription account. Sirius "sent a notice to Plaintiff's address (Exhibit 5), after this law suit was filed about a trial subscription for a 2017 Ford R-150." Motion, at 3.  The notice identified Plaintiff's trial account number for the Ford F-150 truck as 427053724381.  Motion, Exhibit 5, Notice of Trial Subscription.  Plaintiff does not have an F-150 truck.  Motion, at 3.  It appears that account no. 427053724381 was William Harry Viehweg's account that was merged with Plaintiff's account.  See Amended Complaint, ¶11; Amended Answer of Defendant, Sirius XM Radio Inc., to Plaintiff's Amended Complaint (d/e 26), ¶11; Sirius Memorandum, at 6.

Plaintiff argues that the requested information is relevant to show intent. Plaintiff also argues that he is entitled to know activity on his own account and activity on any account associated with his address. Plaintiff argues his address is associated with the other account because he received marketing material that Plaintiff believes is associated with the other account.

Sirius responds that Plaintiff's claim is based on two specific alleged false statements to Bridget Viehweg in June 2016, and so, billing and payment transaction data is not relevant, and it is not likely to lead to information relevant to the defamation claims in this case. Sirius also argues that transaction information from William Harry Viehweg's account is confidential information that it cannot disclose, and Plaintiff already has his own transaction records.

The Court sustains Sirius' relevance and undue burden objections. A party may discover any nonprivileged information that is relevant to the party's claim or defense and proportional to the needs of the case, considering several factors, including the relative access to the information. Fed. R. Civ. P. 26(b)(1). In this case, the issue is whether Sirius representatives intentionally and maliciously made two false, defamatory statements about Plaintiff to Bridget Viehweg in June 2016, and whether

Plaintiff was damaged. The billing and payment information on these two accounts will not tend to prove or disprove any of those elements. Plaintiff argues that the information is background information relevant to intent. The Court sees very little likelihood that transactional data, billing and paying, will provide any meaningful background data about the intent of Sirius' representatives who the Plaintiff says talked to Bridget Viehweg on the telephone. The possibility that the information may show some relevance to intent is so slight that production of the information is not proportional to the needs of the case.

The information sought is also not proportional because the account information for Account No. 427053724381 belonged to William Harry Viehweg and Bridget Viehweg. Providing this information to Plaintiff puts a burden on these individuals without any material likelihood that the disclosure would lead to any evidence relevant to the intent of Sirius. In addition, Plaintiff already has the transactional information for his own account so Plaintiff does not need the information from Sirius.

Plaintiff also argues that he is entitled to this information as the owner of one account and because the other account may be associated with his home address. This Court does not need to decide whether Plaintiff is entitled to certain information based on some right or interest that is

independent of this case.  This Court only decides in connection with this Motion whether rules of discovery require production of a particular piece of information relevant to the claims made in this case.  The rules of discovery do not require the answer to Interrogatory No. 4 and the documents requested by Request No. 3 because the request is not likely to lead to relevant evidence and so is not proportional to the needs of this case.  Sirius' objections are sustained.

<u>Interrogatory No. 5 and Request for Production No. 4 (Request No. 4)</u>

Plaintiff's Interrogatory No. 5 said:

> 5. Identify all communications between Defendant Sirius and Bridget Viehweg and between Defendant Sirius and William H. Viehweg (not plaintiff) from William H. Viehweg's (not plaintiff) first account with Defendant Sirius to present.

<u>Sirius Memorandum</u>, at 7.  Sirius responded:

> ANSWER: Objection, this interrogatory seeks information that is confidential and/or business, trade secrets and contains personal identifying information which Sirius XM cannot disclose. Sirius XM further objects as this interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Sirius XM produced transcripts of communications with its Rule 26 Initial Disclosures. Digital call recordings obtained from Sirius XM's call center vendors were produced to Plaintiff with its Supplemental Rule 26 Disclosures.

<u>Sirius Memorandum</u>, at 7.

Plaintiff's Request No. 4 stated:

> 4. All documents of all communications between Defendant Sirius and Bridget Viehweg and between Defendant Sirius and William H. Viehweg (not plaintiff) from William H. Viehweg's (not plaintiff) first account with Defendant Sirius to present.

<u>Sirius Discovery Response</u>, at 9; <u>Sirius Memorandum</u>, at 7. Sirius responded:

> RESPONSE: Objection, this request seeks information that is confidential and/or business, trade secrets and contains personal identifying information which Sirius XM cannot disclose. Sirius XM further objects as this request seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Relevant transcripts of such communications were produced by Sirius XM with its Rule 26 Initial Disclosures, and digital copies obtained from Sirius XM's call center vendors were produced to Plaintiff with its Rule 26 Disclosures and Supplemental Rule 26 Disclosures. Sirius XM is also producing the agent notes for the consolidated Sirius XM Account #41539804096 (which includes agent notes relating to Plaintiff's account due to account consolidation). See documents labeled Sirius_000097 through Sirius_000101.

<u>Sirius Discovery Response</u>, at 9; <u>Sirius Memorandum</u>, at 7-8. Sirius states that it has produced

> (1) call recordings and transcripts of call recordings involving both Plaintiff and non-parties related to the communications identified in the Amended Complaint; (2) local law enforcement responses to public records requests stating that they have no record of an "identity theft" complaint involving the Plaintiff; and (3) Sirius' relevant policies, procedures, training manuals, and account records.

<u>Sirius Memorandum</u>, at 4. Sirius argues that the additional information sought by these requests are not relevant.

Plaintiff states in his Motion that William Harry Viehweg and Bridget Viehweg are currently hostile toward him.  He believes Sirius representatives may have caused this hostility.  Sirius argues that the requested information is not relevant and only a fishing expedition.

Bridget Viehweg is a key witness in this case.  Each party's communications with her on and after June 16, 2016, may be relevant to her credibility.  The Court, therefore, orders Sirius to disclose the dates and substance of any additional nonprivileged communications with William Harry and Bridget Viehweg between June 16, 2016 and May 12, 2018 (inclusive of both dates), which relate in any way to Plaintiff William Herman Viehweg or to the alleged defamatory statements in June 2016 set forth in the Amended Complaint, and produce any documents of such communications.  Sirius' objection to the remainder of these requests are sustained because the information is not relevant and not proportional to the needs of this case.

<u>Interrogatory No.7 and Request for Production No. 5 (Request No. 5)</u>
Interrogatory No. 7 stated:

> 7. Identify all communications between Defendant Sirius and Plaintiff Viehweg from Plaintiff Viehweg's first account to present.

Sirius Discovery Response, at 5; Sirius Memorandum, at 8.  Sirius responded:

> ANSWER: Objection, the meaning of this interrogatory is unclear. Relevant call recordings obtained from Sirius XM's call center vendors and transcripts thereof were produced by Sirius XM with its Rule 26 Initial Disclosures.

Sirius Discovery Response, at 5; Sirius Memorandum, at 8.

> Request No. 5 said to produce:
>
> All documents of all communications between Defendant Sirius and Plaintiff Viehweg from Plaintiff Viehweg's first account to present.

Sirius Discovery Response, at 9; Sirius Memorandum, at 8.  Sirius responded:

> RESPONSE: Objection, this request seeks information that Plaintiff has in his possession. Subject to the foregoing, Sirius XM responds that relevant call recordings and transcripts of such communications were produced by Sirius XM with its Rule 26 Initial Disclosures. Sirius XM is also producing the agent notes for the consolidated Sirius XM Account #41539804096 (which includes agent notes relating to Plaintiff's account due to account consolidation). See documents labeled Sirius_000097 through Sirius_000101.

Sirius Discovery Response, at 9; Sirius Memorandum, at 8.  Sirius states that it had produced all nonprivileged documents of communications with Plaintiff, except for marketing materials and initial welcoming materials sent to customers generally.  Sirius therefore has produced all the relevant documents.  This aspect of the Motion is denied as moot.

Interrogatory No.11 and Request for Production No. 8 (Request No 8)

Interrogatory No. 11 said:

What is Defendant Sirius' latest gross annual revenue and total assets?

Sirius Discovery Response, at 7; Sirius Memorandum, at 9.

> ANSWER: Objection, this interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Sirius XM further objects as the burden of responding to this interrogatory outweighs any benefit to the claims in this matter.

Sirius Discovery Response, at 7; Sirius Memorandum, at 9.

Request No. 8 said:

All documents showing Defendant Sirius' latest gross annual revenue and total assets?

Sirius Discovery Response, at 10; Sirius Memorandum, at 9. Sirius responded:

> RESPONSE: Objection, this request seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Sirius XM further objects as the burden of producing responsive information outweighs any benefit to the claims asserted.

Sirius Discovery Response, at 10; Sirius Memorandum, at 9.

Sirius states that is has provided Plaintiff with a copy of its 2017 Securities and Exchange Commission Form 10-K annual report filing. The

Form 10-K provides the information requested by Plaintiff.  This aspect of the Motion is moot.

Plaintiff finally complains about redaction of information from the documents produced.  Plaintiff seeks the following information in the documents produced: the name, address, telephone number, email address, credit card information, car type, radio type, plan type, and account number.  Plaintiff complains that Sirius is "redacting heavily and unnecessarily."  Reply (d/e 70), at 2-3.  Sirius may redact privileged information and provide a privilege log.  Sirius may also withhold the following personal identifying information:  social security numbers, birthdates, birthplaces, driver's license numbers, all but the last four digits of credit card numbers, and all but the last four digits of account numbers.  Sirius must produce copies of documents that do not contain redactions of other information or must file a motion for protective order and seek permission to make further redactions.

The Court, in its discretion, determines that neither party is entitled to recover its expenses incurred in connection with this Motion.  See Fed. R. Civ. P. 37(a)(5)(C).

THEREFORE, IT IS ORDERED that Plaintiff William Herman Viehweg's Motion to Compel Responses to Plaintiff's First Set of

Interrogatories and Request for Production of Documents Directed to Defendant (d/e 61) is ALLOWED in part and DENIED in part.  Defendant shall also provide Plaintiff by August 31, 2018, the date and substance of any additional nonprivileged communications (not previously disclosed) with William Harry Viehweg or Bridget Viehweg between June 16, 2016 and May 12, 2018 (inclusive of those dates), which relate in any way to Plaintiff William Herman Viehweg or to the alleged defamatory statements in June 2016 set forth in the Amended Complaint, and to produce any documents of such communications.  If no additional communications occurred or no responsive documents exists, Defendant shall so inform Plaintiff under oath.  In addition, If Defendant produced documents with redactions beyond those allowed by this Opinion, Defendant shall provide to Plaintiff by August 31, 2018, copies of such documents with only the redactions allowed by this Opinion, or shall file a motion or protective order by that date to seek permission to make further redactions.

ENTER:  August 17, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE