IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM HERMAN VIEHWEG, | ) |
| Plaintiff, | ) |
| v. | ) No. 17-cv-3140 |
| SIRIUS XM RADIO, INC., | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff William Herman Viehweg's Combined Motions to Compel Non-Partys (sic) William Harry Viehweg and Bridget Viehweg to Produce Subpoenaed Documents (d/e 99) (Motion 99) and Defendant Sirius XM Radio's Combined Response to Plaintiff's Combined Motions to Compel Non-Partys [*SIC*] William Harry Viehweg and Bridget Viehweg to Produce Subpoenaed Documents and Motion to Strike and Motion for Attorney's Fees (d/e 103) (Motion 103) (collectively Motions). For the reasons set forth below, the Motions are DENIED.

## BACKGROUND

Plaintiff alleges claims against Defendant Sirius XM Radio, Inc. (Sirius) for defamation. Plaintiff claims that Sirius defamed Plaintiff in a

telephone conversation or conversations with Bridget Viehweg on June 10, 2016. See Second Amended Complaint (d/e 83). During discovery, on September 6, 2018, Plaintiff served subpoenas (Subpoenas) on Bridget Viehweg and her husband William Harry Viehweg (Bridget and Harry) to appear and be deposed and to bring documents to the deposition. The Subpoenas commanded Bridget and Harry each to bring documents:

> relating to accounts and subscriptions you had with Sirius XM Radio just prior to May 4, 2016.
>
> relating to any changes to above said accounts made on or about May 5, 2016.
>
> relating to any and all communications you had with Sirius XM Radio since June 7, 2016.
>
> relating to any and all communications you had with Plaintiff William Viehweg since June 7, 2016.
>
> relating to any and all communications you had with any police department regarding Siriux (sic) XM Radio with the Plaintiff, William Viehweg, on, or about, June 10, 2016.
>
> Said documents include emails, notes, and memorandum.

Plaintiff's Urgent Motion to Compel Deponents' Appearance and Continue Subpoenas for Bridget Viehweg and William Harry Viehweg to October 5, 2018 (d/e 91), attached Subpoenas.[1]

---

[1] Viehweg incorporated the Subpoenas into the Motion by reference. Motion 99, at 1.

On September 27, 2018, Sirius deposed Plaintiff. On September 28, 2018, Sirius' attorney sent a letter to Plaintiff that included a transcript of the June 10, 2016 telephone conversation between a Sirius representative and Bridget Viehweg. The letter indicated that Sirius' attorney sent a copy of this letter to Bridget and Harry's attorney. Motion 103, at 3-4, and Exhibit A, September 28, 2018 Letter.

On October 5, 2018, Plaintiff deposed Bridget and Harry. At that time, Bridget and Harry produced responsive documents in their possession. During the depositions, Bridget and Harry indicated that they had seen the transcript that accompanied the September 28, 2018 Letter. Bridget and Harry evidently saw the transcript during a preparation meeting with their attorney. Bridget and Harry did not produce the September 28, 2018 Letter or the transcript in response to the Subpoenas.

Plaintiff now asks the Court to compel Bridget and Harry to produce the following:

> The transcript provided by the Defendant, documents of all communications between [Bridget and Harry's] attorney and the Defendants, and any and all other documents (including digital) of communications between [Bridget and Harry's] attorney, and the Defendant not heretofore produced.

Motion 99, at 3 (¶¶ 8 and 9).  Sirius asks the Court to strike the Motion and award the amount of attorney fees incurred by Bridget and Harry and Sirius to respond to Motion 99.

ANALYSIS

Plaintiff asks the Court to order Bridget and Harry to produce documents that the Subpoenas did not ask them to produce.  The Subpoenas commanded them to produce documents, "relating to any and all communications you had with Sirius XM Radio since June 7, 2016."  Bridget and Harry produced those documents.  Motion 99 asks for documents related to communications between their lawyer and Sirius.  The Subpoenas did not ask for these documents.  The Court will not compel their production.

Plaintiff argues that the Subpoenas' command encompassed their attorney's communications with Sirius.  The Court disagrees.  Bridget and Harry are not parties and the Subpoenas are not Rule 34 requests for production of documents.  Fed. R. Civ. P. 34.  Rule 34 requests encompass documents in a party's possession, custody, and control, but Rule 45 subpoenas do not.  Compare Fed. R. Civ. P. 34(a)(1) with Fed. R. Civ. P. 45(a)(1)(D); see Hobley v. Burge, 433 F.3d 946, 950 (7th Cir. 2006) (Rule 34 possession, custody, and control language does not apply to non-

parties). The Subpoenas do not command Bridget and Harry to produce their documents containing attorney's communications. The Court will not compel them to do so.

Furthermore, it is unclear that Bridget and Harry have control of their attorney's files. Their attorney has indicated that he has an independent work product claim to these documents. See <u>Response to Plaintiff's Combined Motion to Compel by Respondents William Harry Viehweg and Bridget Viehweg (d/e 102)</u>, at 6. As such, he may have an independent interest in privacy in these documents that may negate Bridget and Harry's control over them. See <u>Hobley</u>, 433 F.3d at 950 n.3.

Plaintiff argues in his Reply that Bridget and Harry waived any claim of privilege. The Court disagrees. As explained above, the Subpoenas did not command production of their attorney's communications. Therefore, Bridget and Harry did not, and do not now, need to assert any privilege related to those communications. The matter of privilege is not at issue. Motion 99 is denied.

Sirius asks the Court to strike Motion 99 pursuant Federal Rule of Civil Procedure 12(f). Rule 12(f) applies to pleadings. A motion is not a pleading. Fed. R. Civ. P. 7(a) (listing the pleadings allowed in federal court). The Court will not strike Motion 99.

parties). The Subpoenas do not command Bridget and Harry to produce their documents containing attorney's communications. The Court will not compel them to do so.

Furthermore, it is unclear that Bridget and Harry have control of their attorney's files. Their attorney has indicated that he has an independent work product claim to these documents. See <u>Response to Plaintiff's Combined Motion to Compel by Respondents William Harry Viehweg and Bridget Viehweg (d/e 102)</u>, at 6. As such, he may have an independent interest in privacy in these documents that may negate Bridget and Harry's control over them. See <u>Hobley</u>, 433 F.3d at 950 n.3.

Plaintiff argues in his Reply that Bridget and Harry waived any claim of privilege. The Court disagrees. As explained above, the Subpoenas did not command production of their attorney's communications. Therefore, Bridget and Harry did not, and do not now, need to assert any privilege related to those communications. The matter of privilege is not at issue. Motion 99 is denied.

Sirius asks the Court to strike Motion 99 pursuant Federal Rule of Civil Procedure 12(f). Rule 12(f) applies to pleadings. A motion is not a pleading. Fed. R. Civ. P. 7(a) (listing the pleadings allowed in federal court). The Court will not strike Motion 99.

Sirius also asks the Court to order Plaintiff to pay attorney fees as a sanction for filing Motion 99. The Court may order sanctions, including an award of attorney fees, on a party that fails to take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. Fed. R. Civ. P. 45(d)(1). The Court will not sanction Plaintiff. He attempted unsuccessfully to extend the Subpoenas to documents not covered by them, but the Court, in its discretion, does not find that a sanction is appropriate at this time under Rule 45(d)(1).

THEREFORE, IT IS ORDERED that Plaintiff William Herman Viehweg's Combined Motions to Compel Non-Partys (sic) William Harry Viehweg and Bridget Viehweg to Produce Subpoenaed Documents (d/e 99) and Defendant Sirius XM Radio's Combined Response to Plaintiff's Combined Motions to Compel Non-Partys [*SIC*] William Harry Viehweg and Bridget Viehweg to Produce Subpoenaed Documents and Motion to Strike and Motion for Attorney's Fees (d/e 103) are DENIED.

ENTER: November 26, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE