E-FILED
Wednesday, 16 January, 2019 03:15:44 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM HERMAN VIEHWEG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-3140 |
| | ) | |
| SIRIUS XM RADIO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff's Motion to Compel Defendant to Produce Documents per Plaintiff's 2nd and 3rd Requests (d/e 120) (Motion 120) and the matters reserved in Plaintiff's Motion Per FRCP 56(d) for Time to Complete Discovery, or, in the Alternative, Motion for Additional Time in Which to Respond (d/e 121) (Motion 121). For the reasons set forth below, Motion 120 is DENIED, and the matters reserved on Motion 121 are DENIED.

Plaintiff William Herman Viehweg (Viehweg) asks the Court to order Defendant Sirius XM Radio, Inc. (Sirius) to produce recordings of an October 11, 2018 call between representatives of Sirius and Bridget Viehweg (Bridget) and William Harry Viehweg (the October 11, 2018 Call). Viehweg also asks the Court to compel Sirius to produce a settlement

agreement between Sirius and States Attorneys General for 45 states and the District of Columbia concerning customer cancellations and refunds (State AG Settlement). Viehweg also seeks other documents, but Sirius already responded to Viehweg stating that Sirius did not have the other additional documents requested.

Sirius asks the Court to deny Motion 120 as untimely. Discovery closed in this case on November 16, 2018. Plaintiff filed the Motion on December 27, 2018, after discovery closed. Except for good cause shown, the Court will not consider discovery motions filed after discovery closed. Scheduling Order entered January 17, 2018 (d/e 28) ¶ 6. Sirius argues that Viehweg failed to show good cause to bring this Motion after discovery closed. The Court agrees. Viehweg should have sought leave of court to file Motion 120 and demonstrated good cause. He did not. The Motion is untimely.

Moreover, The Court would deny Motion 120 even if the Motion were timely. Viehweg seeks a copy of the October 11, 2018 Call because he argues that he should be entitled to know the substance of every communication between Sirius and Bridget. The Court disagrees. Viehweg is entitled to discovery information relevant and proportional to this case. Fed. R. Civ. P. 26(b). Viehweg's claim centers on a June 10,

2016 telephone conversation between Bridget and a representative of Sirius. Viehweg alleges that the representative defamed him by falsely stating that Viehweg committed identity theft. Sirius has provided Viehweg with a copy of the transcript of that call. In fact, the Court ordered Sirius to provide copies of all communications between Sirius representatives and Bridget Viehweg between June 10, 2016 and May 12, 2018. <u>Opinion entered August 17, 2018 (d/e 71)</u>, at 11, as amended by Text Order entered August 22, 2018. Sirius has done so. A transcript of an additional call more than 2 years after the alleged defamatory act will not tend to prove or disprove the alleged defamation. Production of a transcript of the October 11, 2018 Call is not relevant or proportional to the needs of this case. Fed. R. Civ. P. 26(b).

      Furthermore, Viehweg took Bridget's deposition on October 5, 2018. <u>Defendant Sirius XM Radio, Inc.'s Notice of Filing of the Deposition Transcript of the October 5, 2018 Deposition of Bridget Viehweg (d/e 114)</u>. Viehweg secured Bridget's answers to his questions under oath at that time. The subsequent telephone October 11, 2018 Call could not have influenced her answers. Production of the transcript of the October 11, 2018 Call is not proportional to the needs of this case. The request to

compel production of the transcript would be denied even if Motion 120 were timely.

Motion 120 also seeks the State AG Settlement. This document is not relevant, and production of this document is not proportional to the needs of this case. Viehweg alleges defamation by a Sirius representative. The State AG Settlement concerns cancellations and refunds. The State AG Settlement has nothing to do with whether Sirius defamed Viehweg. Production of the State AG Settlement is not relevant and not proportional to the needs of this case. Fed. R. Civ. P. 26(b).

Sirius does not have any documents responsive to the rest of Viehweg's requests at issue in Motion 120. Sirius so stated in its response to Viehweg's document requests. <u>Motion 120</u>, attached <u>Defendant Sirius XM Radio Inc.'s Response to Plaintiff's Third Request for Production of Documents</u>, Responses to Requests 2-7. Motion 120 is DENIED as untimely and would have been denied even if it were timely.

The Court reserved on Viehweg's requests for additional time to respond to Sirius' pending Motion for Summary Judgment (d/e 116) based on the Court's ruling on Motion 120. Since the Court has denied Motion 120, Viehweg asks for fourteen days from the entry of this Opinion to respond to the Motion for Summary Judgment. Motion 120, at 2. Sirius

filed the Motion for Summary Judgment on December 14, 2018. Viehweg has already had a month to prepare his response. The Court has further already given Viehweg an extension to January 21, 2019. <u>Text Order entered January 9, 2019</u>. He should not need a further extension. The request for additional time in Motion 121 is DENIED.

THEREFORE, IT IS ORDERED that Plaintiff's Motion to Compel Defendant to Produce Documents per Plaintiff's 2nd and 3rd Requests (d/e 120) and the matters reserved in Plaintiff's Motion Per FRCP 56(d) for Time to Complete Discovery, or, in the Alternative, Motion for Additional Time in Which to Respond (d/e 121) are DENIED.

ENTER: January 16, 2019

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE